# **EXHIBIT A**

IN THE MAGISTRATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JOSEPH MARVIN FEAGLE, II, a  :
minor under the age of 18, by his  :
natural mother and guardian,  :
KAREN D. FEAGLE,  :
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,  :
　　　　　　　　　　　　　　　　　:　Civil Action File No.
v.  :
　　　　　　　　　　　　　　　　　:　16M01451
EGS FINANCIAL CARE, INC.,  :
f/k/a NCO FINANCIAL  :
SYSTEMS, INC., a Pennsylvania  :
Corporation,  :
　　　　　　　　　　　　　　　　　:
　　　　Defendant.  :
_____:

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, and the regulations issued thereunder, 47 C.F.R. § 64.1200.

### PARTIES AND PERSONAL JURISDICTION

2. Plaintiff Joseph Marvin Feagle, II a minor under the age of 18.

1

3. Karen D. Feagle is the legal guardian and natural mother of plaintiff and is acting in her representative capacity as the natural guardian of plaintiff pursuant to O.C.G.A. § 29-3-3(c).

4. Both Plaintiff and his mother are residents of this State and County and are authorized by law to bring this action.

5. Defendant EGS Financial Care, Inc., formerly was known as NCO Financial Systems, Inc., is a corporation organized under the laws of the state of Pennsylvania [hereinafter referred to as "EGS FINANCIAL"].

6. EGS FINANCIAL is in the business of collecting past due debts allegedly owed throughout the United States, including throughout the state of Georgia and within DeKalb County, Georgia.

7. In the course of its business, EGS FINANCIAL initiated telephone calls to Plaintiff's cellular telephone within DeKalb County, Georgia.

8. EGS FINANCIAL's telephone calls to Plaintiff's cellular telephone in DeKalb County, Georgia give rise to Plaintiff's causes of action.

9. Plaintiff is a minor and has no prior relationship with either EGS or the creditor which it represents.

10. EGS FINANCIAL may be served by personal service upon its registered agent in the state of Georgia, CT Corporation System, located at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

11. EGS is subject to the jurisdiction and venue of this Court.

## STATEMENT OF FACTS

12. Plaintiff is the regular user of cellular telephone services for telephone number (404) 789-8633.

13. Telephone number (404) 789-8633 is assigned to T-Mobile's cellular telephone service.

14. Plaintiff has had this telephone number assigned to him through T-Mobile since September 22, 2008.

15. EGS initiated telephone calls to (404) 789-8633.

16. EGS maintains contact center software which connects to its telephony hardware and has the capacity make telephone calls without a human personally dialing each telephone number at the time of the call.

17. The telephone calls to (404) 789-8633 were initiated using EGS's contact center software.

18. In some of the telephone calls, EGS used an artificial or prerecorded voice to deliver a message.

19. EGS's contact center software stores telephone numbers.

20. EGS's contact center software dials from a database of stored telephone numbers either at random or in some sequence, either preset or determined by algorithm.

21. EGS's contact center software has the capacity to dial from a list of stored telephone numbers without human intervention.

22. EGS's telephone calls to Plaintiff were initiated using an automatic telephone dialing system.

23. The telephone calls to Plaintiff's cellular telephone number were knowingly and willfully initiated.

24. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

25. It was the intent of EGS to initiate the telephone calls to (404) 789-8633.

26. EGS had actual or constructive notice that it did not have the consent of the called party at the time of initiating calls to (404) 789-8633.

27. EGS knew that (404) 789-8633 was a cellular telephone number at the time of initiating calls to (404) 789-8633.

28. In the alternative, EGS should have conducted a simple cell scrub using a recognized database, such as Neustar, to determine that (404) 789-8633 was a cellular telephone number.

29. The failure to properly scrub to determine whether (404) 789-8633 was a cellular telephone number was in reckless disregard to Defendant's obligations under the TCPA.

30. The telephone calls were annoying to plaintiff, invaded plaintiff's privacy interests, and temporarily blocked use of his cellular telephone line for other potential callers.

31. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT – IMPROPER USE OF AUTOMATIC TELEPHONE DIALING SYSTEM

32. The acts of Defendant constitute violations of the Telephone Consumer Protection Act and the regulations issued thereunder.

33. Defendant made and/or initiating telephone calls using an automatic telephone dialing to a telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

34. As a result of Defendant's actions, Plaintiff is entitled to an award of damages of $500.00 for each such violation.

35. Defendant's violations were willful.

36. Defendant's violations were knowing.

37. Plaintiff requests this court treble damages to $1,500.00 for each such willful or knowing violation, not to exceed the jurisdictional maximum of the Court in which such judgment in entered.

### COUNT TWO: TELEPHONE CONSUMER PROTECTION ACT – IMPROPER USE OF ARTIFICIAL OR PRERECORDED VOICE

38. The acts of Defendant constitute violations of the Telephone Consumer Protection Act and the regulations issued thereunder.

39. Defendant made and/or initiating telephone calls in which is used an artificial or prerecorded voice to a telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

40. As a result of Defendant's actions, Plaintiff is entitled to an award of damages of $500.00 for each such violation.

41. Defendant's violations were willful.

42. Defendant's violations were knowing.

43. Plaintiff requests this court treble damages to $1,500.00 for each such willful or knowing violation, not to exceed the jurisdictional maximum of the Court in which such judgment in entered.

## COUNT THREE: BAD FAITH ATTORNEYS FEES

44. Defendant willfully, knowingly, and intentionally violated the TCPA in making autodialed and prerecorded telephone calls to Plaintiff's cellular telephone number without his consent.

45. 1"Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

46. "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact." *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

47. Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded damages in the liquidated amounts provided by statute;

b) That Plaintiff be awarded treble damages; and

c) That Plaintiff be awarded the expenses of litigation including costs and a reasonable attorney's fee.

Respectfully submitted,

SKAAR & FEAGLE, LLP

By: _____

Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
(404) 373-1970 Tel.
(404) 601-1855 Fax.

Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
Justin T. Holcombe
Georgia Bar no. 552100
jholcombe@skaarandfeagle.com

8

133 Mirramont Lake Drive
Woodstock, GA 30189
(770) 427-5600 Tel.
(404) 601-1855 Fax.

ATTORNEYS FOR PLAINTIFF

9